444 P.2d 443

Verna **PEARLL**, Lillian Weisberger, Verna Vieau and Ronald Von Soosten, Appellants,

v.

**SELECTIVE LIFE INSURANCE CO.**, an Arizona corporation, Insurance Development, Inc., an Arizona corporation, Alfonso A. Gastelum, Stanley R. Gibbs and Norman R. Kramer, Appellees.

**No. 2 CA–CIV 436.**

Court of Appeals of Arizona.

Aug. 21, 1968.

Rehearing Denied Oct. 9, 1968.

Review Denied Dec. 3, 1968.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by E. F. Rucker, Tucson, for appellants.

Lewis, Roca, Beauchamp & Linton, by James Moeller, Phoenix, Hall, Jones, Hannah, Trachta & Birdsall, by Russell E. Jones, Tucson, for appellees.

HATHAWAY, Chief Judge.

The appellants, plaintiffs in the superior court, brought an action against Selective Life Insurance Company, hereinafter called Selective, and Insurance Development, Inc., hereinafter called IDI, to recover damages for fraud. On this appeal, the plaintiffs question the propriety of a judgment entered for Selective, upon its motion for summary judgment.

Selective is an insurance company organized in and operating in Arizona. On November 16, 1962, Selective entered into a "General Agent's Contract" with IDI under which IDI was authorized to solicit applications for insurance policies to be issued by Selective and to receive commissions for policies so issued. IDI was authorized to recruit, hire, train and license special agents and to pay them directly. The contract was non-exclusive and Selective had other general agents operating under a similar arrangement. Selective retained no control over the manner in which IDI would conduct its business and the contract provided the relationship between the parties was to be that of independent contractor and contractee.

Subsequently, IDI developed a plan to sell policies on the lives of newborn infants. The principal solicitation was to be by mail. Selective designed a policy for the purpose known as a "baby policy." Selective and IDI entered into a second written agreement entitled "Exclusive General Agent's Contract," which was similar to the first agreement, except that it was limited to the "baby policy" and granted IDI exclusive authority to solicit applications. This agreement also provided that Selective retained no right of control over IDI's performance of the contract and expressly provided that the relationship was that of "independent contractor and contractee."

In order to raise funds for advertising and contacting new parents, IDI drew up a "Special Mailing Agent's Contract" which would be entered into between IDI and investors, the plaintiffs. This mailing contract was approved by Selective and IDI proceeded to enter into these agreements with the plaintiffs. The contracts provided that IDI would have the plaintiffs licensed as insurance salesmen for Selective, although they would not in fact sell or solicit any policies for Selective. The reason for licensing with the state insurance department was to allow plaintiffs to share in the insurance commissions from the sale of the baby policies. The sharing of commissions was to constitute the return on the plaintiffs' investments.

The plaintiffs were contacted by one Roy Kramer, an IDI agent, who allegedly fraudulently misrepresented the successfulness of the baby policies, thereby inducing plaintiffs to invest their monies by entering into the mailing contracts. The baby policy turned out to be a minor insurance disaster and neither IDI nor Selective realized profits therefrom. Upon the plaintiffs' discovery of the alleged fraud they brought this action.

Plaintiffs appeal from the summary judgment in favor of Selective contending:

1. That Selective, by its exclusive agency contract with IDI, held out IDI as its sole actor or representative, and thereby is liable to plaintiffs under the "sole actor" exception to the general rule that an innocent principal is not liable for independent fraudulent acts of its agent;

2. That Selective "should have been aware" of the fraudulent acts of IDI and therefore Selective is liable to the plaintiffs for the independent fraudulent acts of its agent, IDI.

In Hughes v. Riggs Bank, 29 Ariz. 44, 50, 239 P. 297 (1925), our Supreme Court stated, quoting from First Nat. Bank of New Bremen v. Burns, 88 Ohio St. 434, 103 N.E. 93, 49 L.R.A.,N.S., 764 (1913):

" 'The principal's liability does not depend upon the agent's duty to communicate, or the likelihood that he will communicate, his knowledge to the principal, but upon the fact that the agent is the *alter ego* of the principal, acting for the principal, and knows that his acts and knowledge *ipso facto* become the knowledge and acts of the principal.' "

The sole actor theory is well stated in 3 Am.Jur.2d Agency § 284, at 647:

"A qualification of the rule that the knowledge of an agent engaged in an independent fraudulent act on his own account is not the knowledge of the principal has been made where the agent, although engaged in perpetrating such an act on his own account, is the sole representative of the principal. In such case, if the principal asserts or stands on the transaction, either affirmatively or defensively, or seeks to retain the benefits of the transaction, he is charged with the agent's knowledge. In such circumstances, the agent is said to be the alter ego of his principal, since he is merely the agency through whom the principal himself acted * * *."

■ From the above authority and from other authority cited to us by the plaintiffs, Anderson v. General American Life Ins. Co., 141 F.2d 898 (6th Cir. 1944), before the sole actor theory may apply it is necessary that the third person (plaintiffs in this case) must reasonably believe that they are dealing with the principal since the principal has held his agent out as his alter ego. In the instant case the fact that the plaintiffs did not believe that they were dealing exclusively with Selective through its agent IDI is manifestly evident from the special mailing agents' contracts entered into by each of the plaintiffs. These contracts were executed solely by each plaintiff and IDI and nowhere is there any reference that IDI was acting as the sole representative of Selective and therefore that the real first party to the contract was Selective. These contracts are unambiguous on their

face and certainly evidence nowhere that Selective was a party to the contract. Additionally, each contract provided:

"Second Party [plaintiffs] hereby agrees to relieve Selective Life Insurance Co. from any and all liability arising from this contract * * *."

Plaintiffs' affidavits in opposition to Selective's motion for summary judgment nowhere indicate the contrary.

■ The sole actor theory is basically an equitable theory, Anderson v. General American Life Ins. Co., supra, and allows the defrauded third party to rescind the contract. Rescission in the instant case would not lie since Selective was not a party to the contract (although rescission against IDI may lie). Furthermore, Selective did not attempt to enforce or stand on the transactions nor has Selective received any benefits from the special mailing agents' contracts entered into between IDI and the plaintiffs. We conclude, therefore, that the sole actor theory, applied almost exclusively in cases where corporations have held out an officer or employee as its sole representative, is inapplicable in the instant case.

The awareness theory presented by the plaintiffs is based upon their allegation that Selective's continual licensing of the plaintiffs, approximately 63 in all, should have put Selective on notice of the fraudulent acts of IDI. No allegations of actual knowledge on the part of Selective remain in this case. The plaintiffs in essence contend that a factual issue exists concerning Selective's negligence toward the plaintiffs.

■ Even if a principal-agent relationship existed, which at best is doubtful, we find no contention of the principal's awareness of fraud on the part of the agent. In Leigh v. Swartz, 74 Ariz. 108, 116, 245 P.2d 262 (1952) our Supreme Court stated:

"* * * we do not believe that such a broad delegation of power from a principal to an agent justifies an assumption that the agent is thereby at liberty to make false and fraudulent representations to a prospective purchaser. For the principal to be bound *there must be*

*a concert of action* which is not shown in the instant case. * * *" (Emphasis supplied)

There being no allegations of "concert of action" we feel the plaintiffs' awareness theory is inapplicable.

Judgment affirmed.

KRUCKER, J., RICHARD N. ROYLSTON, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge RICHARD N. ROYLSTON was called to sit in his stead and participate in the determination of this decision.